## IMPETT v CLEVELAND (city) et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10343.   Decided March 3, 1930

Niman & Buss, Cleveland, for Impett.
Ray T. Miller and David Ralph Hertz, both of Cleveland, for City, et.

SULLIVAN, J.

We find upon an examination of the statutes that the recording of plats is one of the official duties of the recorder instead of the auditor of the county and this conclusion is reached by a reference to Chapter 4 of the Municipal Code and beginning with **Sect. 3580** to and including **Sec. 3614,** as well as **Sec. 3584** which pertains to the recording of plats in the office of the county recorder.  We do not find any section of the statute calling for a record to be made of a plat like the one in question by the county auditor, as his official duty in reference to maps is for the purpose of taxation only as will be found by a reference to **Secs. 5556** and **5559** incl.

We find nothing in the statute under these circumstances that vests any right in favor of the land-owner, and the same conclusion is reached after reference is made to the common law.  Thus it would seem that there is an inadequacy of power in the court to compel by mandatory injunction the auditor of the county to revise, amend or change the map filed in his office because these modifications are not for the purpose of taxation and consequently there is no direct legal effect resulting from the action of the county au-

ditor in the matter of the erasures in question, even though it appear in the record that the county auditor was in any manner the cause of the erasures. Unless there was clear and convincing proof which is necessary to support a mandatory injunction, that the auditor committed the act of erasure complained of, there is no power in the process pursued to compel the county auditor to undo that which he has not done. The inference is just as strong that some one interested in the property on the north side of the lane caused the erasures as the auditor himself, admitting for the purposes of argument that inasmuch as the maps were found in the possession of the auditor that there is an inference that he himself performed the act of erasure.

In discussing the question we cannot leave out of consideration that a mandatory injunction signifies the official performance of a positive duty and there is nothing in the record or in the law that would lead to the conclusion that the restoration of the lines in question is a positive duty enjoined upon the county auditor. In fact there is no such duty of any nature enjoined by statute or the common law upon the county auditor, and thus appears the futility of the issuance of a wirt for the performance of a positive duty when there is no positive duty to perform either by statute or otherwise on the part of the county auditor.

It is claimed that the City Planning Commission approved the maps in question which extend the thirty feet into Rose Lane but upon an examination of the exhibit we find that the action of the Planning Commission was limited to an approval of a street north of Rose Lane, and running parallel thereto and through the lots on the north side of Rose Lane, and this being so it cannot be said that any action of the City Planning Commission has cast any cloud or encumbrance upon the lots south of Rose Lane.

We now come to an examination of the question as to whether the plaintiff is a party in interest and in the consideration of this question it must be considered that a mandatory injunction is sought and that a right to the same existed only when some fundamental or organic right already vested has been abridged, infringed upon or eliminated.

The plaintiff has no interest concedely in the property north of the lane and the mere erasure of the lines of which complaint is made does not in fact or in law extend the southerly line of the lots, on the north, further south than the north line of Rose Lane. Thus the question is again reduced in its final analysis as to whether the mere act of erasure has in any manner vacated the public highway in question. Of course the answer is, unequivocally, that it has not. Streets cannot be vacated in that way. The mere assumption of a plat owner who files his plat with the county auditor, that the erasure of a line in a street extends the length of his lot or vacates the public highway, has no legal force or effect. It may be misleading by creating a false impression but he has gained no rights by such an assumption and he has disturbed in no manner or degree the width of the lane as originally laid out and concededly existing at the present time. If the lot owner on the north, by such erasure has gained no rights, it is equally true that the plaintiff has lost none even though it be admitted for the purposes of argument that the enjoyment of the lots on the south is disturbed by the inference which might arise from the erasure in question.

To summarize, it is our conclusion that no right of the plaintiff has been invaded, that the lane itself has in no manner been vacated, and that there is no positive duty which the court can compel the county auditor to perform by way of a mandatory injunction. Some future conduct on the part of the northern land owners may result in the invasion of a right belonging to plaintiff in the street dedicated as noted. That conduct would have to bear some relation to the vacation of the plat and the closing of the street, or its practical destruction as a public highway. Until such circumstances arise, however, it is our judgment that the plaintiff has no cause of action.

Thus holding, a decree may be entered for the defendants. O. S. J.

Vickery, PJ, and Levine, J, concur.